UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TAMMIE WALKER,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

Case No. 1:08-cv-666

HONORABLE PAUL L. MALONEY

Magistrate Judge Joseph G. Scoville

# OPINION and ORDER

**Adopting the R&R without Objections;
Affirming the Commissioner's Denial of Disability Benefits;
Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on Tuesday, September 8, 2009. Plaintiff did not file objections

within the time allotted by the Federal Rules of Civil Procedure and our Local Civil Rules.[1]

As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2

---

[1] Under W.D. MICH. LCIVR 5.7(d)(i)(ii), service of an electronically filed document on a registered attorney is deemed complete upon the transmission of an Notice of Electronic Filing to that attorney by e-mail. Accordingly, absent any allegation or evidence to the contrary, the court finds that plaintiff was served with the R&R on the same date that it was electronically filed by the Magistrate Judge: Tuesday, September 8. *See Swift v. SSA*, 2009 WL 198526 (W.D. Mich. Jan. 27, 2009) (Maloney, C.J.) (applying rule to find that counsel was served with R&R on the same date it was issued); *Malik v. AT&T Mobility, LLC*, 2009 WL 198710, *6 (W.D. Mich. Jan. 23, 2009) (counsel was served with summary-judgment motion on same date that the adversary e-filed it).

After being served with an R&R, the parties had ten days to file objections. *Heggie v. MDOC*, 2009 WL 36612, *1 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)).

The ten days did not start until Wednesday, September 9, the day after the parties were deemed served by NEF, and weekends and federal holidays are excluded. *Heggie*, 2009 WL 36612 at *1 (citing FED. R. CIV. P. 6(a)(1) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation) and FED. R. CIV. P. 6(a)(2) (when calculating a time period shorter than eleven days, the court must exclude weekends and holidays)). Therefore, day three was Friday, September 11. The weekend was excluded. Days four through eight ran from Monday, September 14 through Friday, September 18. The weekend was again excluded, and days nine and ten were Monday, September 21 and Tuesday, September 22.

(W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).

In any event, the court finds the R&R's outcome and rationale to be sound.[2] For the reasons

---

2

As the Supreme Court has said, "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." *Thomas*, 474 U.S. at 150. *Accord Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion."); *Coots v. Astrue*, 2009 WL 1326260 (E.D. Ky. May 12, 2009) (Van Tatenhove, J.) ("When no objections are made, this court is not required to review a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard . . . .") (citation & quote marks omitted).

Accordingly, judges in our district consistently adopt R&Rs without additional analysis where the parties have not timely and specifically objected. *See, e.g.,*

*Stevenson v. Pramsteller*, 2009 WL 1883878 (W.D. Mich. June 30, 2009) (Bell, J.)
*Banks v. Davis*, 2009 WL 1874093 (W.D. Mich. June 26, 2009)    (Quist, J.)
*Martin v. Smith*, 2008 WL 4151352 (W.D. Mich. Sept. 3, 2008)    (Enslen, J.)
*Lewis v. SSA*, 2008 WL 3875403 (W.D. Mich. Aug. 15, 2008)    (Maloney, C.J.)
*US v. Bale*, 2008 WL 4534420 (W.D. Mich. Oct. 2, 2008)    (Edgar, J.)

3

explained by the R&R, the plaintiff's severe impairment (borderline intellectual functioning) did not render her disabled between her alleged disability onset date (January 1, 2003) and her date last insured. Specifically, the Magistrate Judge correctly applies our Circuit's case law in concluding that (1) the ALJ did not err in declining to credit a vocational expert's opinion in response to a hypothetical predicated on the veracity and accuracy of plaintiff's subjective complaints, when the ALJ permissibly found that those complaints were not entirely credible, *see* R&R at 4-5; (2) substantial evidence supported the ALJ's determination that she did not meet or equal the requirements of the Listing for mental retardation (Listing 12.05C), where she had IQ scores above 70, did not have deficits in adaptive functioning, and did not have any other physical or mental impairment which significantly limited work-related functions, *see* R&R at 5-8; (3) the ALJ did not improperly demand that plaintiff's counsel personally pay for her medical examinations, *see* R&R at 8-12; (4) the ALJ did not improperly prevent witnesses Hinds and Siagkris from testifying on

---

*Lee v. Caruso*, 2008 WL 2859212 (W.D. Mich. July 22, 2008)   (Miles, J.)
*Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.)
*US v. Hart*, 2005 WL 1308199 (W.D. Mich. June 1, 2005)   (McKeague, J.)
*US v. Corradini*, 1994 WL 447174 (W.D. Mich. Jan. 25, 1994)   (Gibson, C.J.)
*Gill v. HHS*, 1985 WL 71797 (W.D. Mich. Feb. 27, 1985)   (Suhrheinrich, J.).

Adoption of uncontested R&Rs without discussion is common throughout our circuit, *e.g.:*

*Allen v. Hudson*, 2009 WL 1649312 (N.D. Ohio June 10, 2009)   (Sara Lioi, J.)
*Schlatter v. Jeffries*, 2009 WL 73736 (N.D. Ohio Jan. 8, 2009)   (Ann Aldrich, J.)
*US v. Josic*, 2008 WL 5234386 (N.D. Ohio Dec. 12, 2008)   (Chris Boyko, J.)
*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007)   (Donald Nugent, J.)
*Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006)   (Jack Zouhary, J.)
*Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006)   (Paul Gadola, J.)
*Bradberry v. Astrue*, 2009 WL 2027111 (M.D. Tenn. July 8, 2009) (Wiseman, J.)
*Winston v. Cargill, Inc.*, 2009 WL 1748728 (W.D. Tenn. June 19, 2009)   (Anderson, J.)
*Rose v. Mattrixx Init., Inc.*, 2009 WL 902311 (W.D. Tenn. Mar. 31, 2009) (McCalla, J.)
*Young v. Simpson*, 2009 WL 798787 (E.D. Ky. Mar. 24, 2009)   (Jennifer Coffman, J.).

Walker's behalf, because there is no evidence that Walker tried to call them as witnesses in the first instance, *see* R&R at 12-13; (5) the ALJ did not improperly deny Walker's request for a supplementary hearing, and the Hearings, Appeals and Litigation Law Manual of the Social Security Administration ("HALLEX") does not entitle a claimant to such a hearing to present evidence when the evidence is being offered by her own attorney, *see* R&R at 13-16; and (6) Walker waived her argument that the ALJ was biased, and the argument lacked merit in any event, *see* R&R at 17-19.

## ORDER

The R&R [document # 20] is **ADOPTED** without objection.

The complaint is **DISMISSED**.

The Commissioner's denial of disability benefits is **AFFIRMED**.

This case is **TERMINATED** and **CLOSED**.

This is a final order, but it is <u>not</u> appealable. *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *Sarampote v. White*, 2009 WL 125036, *8 (W.D. Mich. Jan. 16, 2009) (Quist, J.) and *Isaacson v. Cliffs River Marina*, 2009 WL 103959, *2 (W.D. Mich. Jan. 13, 2009) (Bell, J.).[3]

**IT IS SO ORDERED** this  24th  day of September 2009.

---

[3]

*See Schrader v. SSA*, 2008 WL 360649, *3 & n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) (p.c.) (Gilman, Gibbons, Griffin) ("respondent waived this issue due to his failure to object on this ground to the [R&R]") (citing *Thomas*, 474 U.S. at 155)); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the . . . [R&R]. * * * Frontier's silence constitutes a waiver of the right to appeal . . . .").

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge